HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JEFFREY ALLEN JORGENSON,

    Defendant.

Case No. CR05-5308 RBL

ORDER ON MOTION TO DISMISS INDICTMENT

    THIS MATTER comes on before the above-entitled Court upon Defendant's Motion to Dismiss Indictment [Dkt. #19].

    Having considered the entirety of the records and file herein, the Court rules as follows:

    The defendant is charged by way of Indictment with being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). The Indictment alleges that the defendant has three prior felony convictions in Washington: burglary in the second degree; VUSCA - - possession of a controlled substance; and, VUSCA - - possession of heroin. The prior convictions carry maximum possible punishments under Washington statutes of ten, five and five years respectively, thus qualifying the defendant as a prohibited person under 18 U.S.C. §922(g)(1). The defendant seeks to have the Indictment dismissed based upon *Blakely v. Washington*, 542 U.S. 296 (2004), arguing that he does not qualify as a felon and therefore is not a prohibited person under 18 U.S.C. §922(g)(1) because his standard determinate sentencing range and the

actual sentence he received for all three prior convictions was less than one year.  The defendant is mistaken in his analysis of the application of *Blakely* to federal firearms laws.

The statute provides:

> (g) It shall be unlawful for any person -
> (1) who has been convicted in any court of, <u>a crime punishable by imprisonment for a term exceeding one year</u> . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm . . .

18 U.S.C. §922(g)(1) (emphasis added).  The statute is clearly directed at the potential punishment for the crime, not at the individual convicted of the crime.  *See, United States v. Jones*, 195 F.3d 205, 207 (4th Cir. 1999) ("'punishable' is an adjective used to describe the 'crime' . . . it is more closely linked to the conduct, the crime, than it is to the individual convicted of the conduct.")  The Court in *Blakely* held that the standard range sentence was the maximum sentence that could be imposed under the constitution absent facts either admitted or proved beyond a reasonable doubt.  This ruling, however, does not alter the fact that the crimes for which the defendant was convicted in Washington are crimes "punishable" for terms exceeding one year.  Title 18 U.S.C. §922(g)(1) is concerned with the crime and not with the individual convicted thereof, and *Blakely* is directed at the sentence an individual may receive for particular criminal conduct.  There is no conflict between the ruling in *Blakely* and 18 U.S.C. §922(g)(1).  The applicable maximum possible punishments for purposes of the federal firearms laws are those as set forth in Washington statutes.  It is therefore

**ORDERED** that Defendant's Motion to Dismiss Indictment [Dkt. #19] is **DENIED**.

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 13th day of September, 2005.

  RONALD B. LEIGHTON
  UNITED STATES DISTRICT JUDGE